IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA A. PETIT
    Plaintiff,

CIVIL ACTION NO.:
8:21-cv-02086-WFJ-AAS

v.

DOREEN A. SOUZA and
RICHARD J. SOUZA, II;
    Defendants.
_____/

**TEMPORARY RESTRAINING ORDER
FREEZING BANK ACCOUNTS**

This cause came before the Court upon Plaintiffs Motion Ex-Parte Motion for Temporary Restraining Order (Dkt. 3). The Court reviewed said motion and held a hearing today's date. The Court makes the following findings based upon the sworn affidavit (Dkt. 3 at 5–9):

**1.** The Defendants are in in possession of funds (over $400,000) which appear to belong to the Plaintiff and which are currently held in Bank of America accounts. Plaintiff is likely to succeed on the merits because the funds do not belong to Defendants. *See Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (setting four requirements for injunctive relief).

**2.** It appears that the Defendants may have fraudulently concealed or converted some or all of the above funds which is now in their possession. If all or even a large part of such funds are so concealed or converted, the Plaintiff will suffer irreparable harm unless Defendants are enjoined from fraudulently concealing or converting such funds during the pendency of this action. The threatened injury to Plaintiff is evident as the money has been removed from her account and is not being used for her benefit. This injunction is not

adverse to the public interest.

Accordingly, after due consideration of these findings of fact, it is

**ORDERED** that:

1. Plaintiff's Ex-parte Motion for Temporary Restraining Order (Dkt. 3) is **granted**.

2. This temporary restraining order is entered without notice because Plaintiff's sworn affidavit states her son-in-law will not permit her to speak with her daughter, who has her power of attorney, and both Defendants are withholding Plaintiff's money that Plaintiff needs for medical care. Plaintiff has shown that Defendants are likely to spend the funds for purposes that will not benefit Plaintiff. Providing notice to the Defendants would allow them to conceal, move, and continue to spend Plaintiff's money.

3. This temporary restraining order/injunction shall be binding on both Defendants, their officers, agents, servants, employees, and attorneys, and on persons in active concert or participation with them who receive actual notice of this temporary restraining order/injunction. This Order is binding upon the Bank of America.

4. Any and all Bank of America accounts held by Defendant, Doreen A. Souza, DOB August 11, 1967, individually or jointly with any other persons shall be and are hereby frozen until further order of this Court.

5. Both Defendants shall not transfer, dissipate, move, or spend any funds belonging to Plaintiff or any funds originating in Plaintiff's sole or joint possession. Both Defendants will cease exercising any power of attorney concerning Plaintiff.

6. Bond is waived, as not necessary at this time.

7. This temporary restraining order/injunction shall stay in effect and be binding on the parties for fourteen (14) days from today. This TRO will expire on September 15, 2021, absent good cause shown. Fed. R. Civ. P. 65(b)(2).

8. Plaintiff's counsel will immediately serve this Order upon the Defendants and upon the

      Bank of America.

9. A status conference will be held telephonically on this matter on **September 8, 2021 at 4:00 p.m**. Plaintiff's counsel, Defendants, and all interested persons must attend. Telephonic call-in instructions will be posted at the on-line, electronic docket. If Defendants need to be heard sooner, please call the Chambers telephone number: (813) 301-5220.

**DONE AND ORDERED** at Tampa, Florida, at 11:56 a.m. on September 1, 2021.

                                                                 WILLIAM F. JUNG
                                                                 UNITED STATES DISTRICT JUDGE

Conformed copies to:
Tarya A. Tribble, Esq.